■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID FIELD, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 12, 1964, convicting him of criminally buying and receiving stolen property as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. While we do not approve of the prosecutor's comment, on summation, that he did not believe defendant, we are of the opinion that reversal is not required, in view of the proof which clearly established defendant's guilt (Code Crim. Pro., § 542; cf. People v. Maimone, 9 A D 2d 780, affd. 7 N Y 2d 998). Defendant's other contentions have been examined and we find no grounds for reversal therein. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMON GARY JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 26, 1964, convicting him of attempted manslaughter in the first degree, upon his plea of guilty, and sentencing him to a prison term of not less than 5 years or more than 10 years. Defendant's sole contention is that the sentence is excessive. Judgment affirmed. In our opinion, the facts of record fail to substantiate the contention contained in respondent's brief that appellant was convicted and sentenced as a second felony offender. However, the circumstances of record fail to support appellant's contention that the sentence imposed was excessive. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH MIGNONE, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the County Court, Nassau County, entered February 10, 1966, which, after a hearing, denied his application to vacate a judgment of said court, rendered December 13, 1962, convicting him of robbery in the first degree and of escaping from custody as a felony, upon a plea of guilty, and imposing sentence. upon him as a second felony offender. On June 24, 1964, the court vacated the sentence for escaping from custody and resentenced defendant nunc pro tunc as of the original date of sentencing. The hearing was held pursuant to the order of this court made upon a prior appeal (People v. Mignone, 23 A D 2d 682). Order affirmed. In our opinion, defendant failed to sustain his burden of proving his contentions by a fair preponderance of the credible evidence (People v. Chait, 7 A D 2d 399, 406, affd. 6 N Y 2d 855; People v. Wolfson, 9 A D 2d 940). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ JOSEF SCHWARZ, Respondent, v. HORN & HARDART Co., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, entered May 3, 1966, which denied defendant's motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action for failure to serve a complaint. Order reversed, without costs; defendant's motion granted; and action dismissed, without costs. Under the circumstances disclosed by the record, the denial of defendant's motion to dismiss the action was an improvident exercise of discretion by the Special Term. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.